UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GUILHERME HENRIQUE DE SOUZA,

                Petitioner,

v.

LUIS SOTO, *et al.*,

                Respondents.

Civil Action No. 25-18734 (JXN)

**OPINION**

**NEALS**, District Judge

    Before the Court is Petitioner Guilherme Henrique De Souza's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (Habeas Pet., ECF No. 1.) Respondents opposed (Resps.' Opp'n, ECF No. 5), and Petitioner replied (Pet.'s Reply, ECF No. 7). Having considered the parties' submissions in support of and opposition to the Petition, the Court decides the motions without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Petition is **DENIED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

    Petitioner, a citizen of Brazil, entered the United States on August 13, 2021 pursuant to a B-2 nonimmigrant tourist visa, with authorization to remain for a temporary period not to exceed February 12, 2022. (Habeas Pet. at 4; Resps.' Opp'n at 1.) Petitioner overstayed his authorized period of admission and remained in the United States without lawful status. (Habeas Pet. at 4.)

On December 8, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner. (*Id.*; Resps.' Opp'n at 1.) Following his arrest, Petitioner filed an I-589 Application for Asylum and for Withholding of Removal on December 15, 2025. (*See* Resps.' Ex. D, ECF No. 6-4 at *25–34.) On the same day, Petitioner filed a motion for bond redetermination under 8 U.S.C. § 1226(a) with the immigration court. (*See* Resps.' Ex. C, ECF No. 6-3.) On December 17, 2025, an Immigration Judge ("IJ") held a bond hearing under 8 U.S.C. § 1226(a) and found Petitioner a flight risk and denied him bond. (*See* Resps.' Ex. E, ECF No. 6-5.)

On December 24, 2025, a Notice to Appear ("NTA") was filed with the immigration court, charging Petitioner with being removable pursuant to 8 U.S.C. § 1227(a)(1)(B), Immigration and Nationality Act ("INA") § 237(a)(1)(B), based on his remaining in the United States for a time longer than permitted by his B-2 nonimmigrant tourist visa. (*See* Resps.' Ex. A, ECF No. 6-1.) Petitioner is scheduled for an individualized merits hearing on January 20, 2025. (Pet.'s Letter at 1, ECF No. 8.)

On December 17, 2025, the same day he received a bond hearing under 8 U.S.C. § 1226(a) before the IJ, Petitioner filed the instant Petition, arguing that his "detention is unlawful because ICE lacks statutory authority to continuing detaining him . . . [and he] is not subject to mandatory detention under INA § 236(a) and does not have a final order of removal such that INA § 241 would apply." (Habeas Pet. at 2.) Petitioner argues that his continued detention without an individualized custody determination violates the Due Process Clause of the Fifth Amendment. (*Id.* at 2, 13–14.) Petitioner argues that INA § 236(a) authorizes discretionary detention only following an individualized custody determination. (*Id.* at 4.) Petitioner seeks release from custody. (*Id.* at 15.)

2

Respondents filed a response, submitting that Petitioner is removable pursuant to 8 U.S.C. § 1227(a)(1)(B), is detained under 8 U.S.C. § 1226(a)'s discretionary authority, and has received an individualized bond hearing under § 1226(a). (*See* Resps.' Opp'n.) Petitioner replied, seeking release based on "his unconstitutional confinement as well as the pervasive practice of Immigration Judges denying bond requests irrespective of their merits." (Pet.'s Reply.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.   DISCUSSION

### A. Whether Petitioner's Detention Violates the Due Process Clause of the Fifth Amendment

Petitioner does not dispute that he overstayed his B-2 visa and is currently detained under § 1226(a)'s discretionary authority. (*See generally* Habeas Pet.; Pet.'s Reply.) In his Petition, Petitioner argues that, as he is not subject to mandatory detention under INA § 236(c), he is entitled to an individualized bond hearing. (Habeas Pet. at 10.) Petitioner claims detention without an individualized assessment violates his due process rights. (*Id.* at 11.) Petitioner seeks immediate release from custody. (*Id.* at 15.)

3

Respondents letter answer submits that Petitioner received an individualized bond hearing, where the IJ found him a flight risk and denied him bond under § 1226(a). (Resps.' Ex. A.) Respondents argue that because Petitioner was afforded a bond hearing, he is not entitled to habeas relief. (*Id.* at 1-2.)

A noncitizen present in the United States may still be removed if he or she falls "within one or more . . . classes of deportable aliens." 8 U.S.C. § 1227(a). Section 1227(a)(1)(B) provides for the removal of noncitizens who have overstayed their authorized period of nonimmigration admission. Section 1226 generally governs the process of arresting and detaining noncitizens already present in the country who are deportable under Section 1227 pending their removal. *Jennings v. Rodriquez*, 583 U.S. 281, 288 (2018). "Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of [a noncitizen] 'pending a decision on whether the alien is to be removed from the United States.'" *Id.* (quoting 8 U.S.C. § 1226(a)). The detention authority under §1226(a) is discretionary and the Attorney General "may release" an alien detained under § 1226(a) "on . . .bond" or "conditional parole." *Id.*

Here, the parties agree Petitioner has been detained under the discretionary authority of § 1226(a). Federal Regulations "provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 538 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)). Bond is available if the noncitizen "demonstrate[s] . . . such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8) "[T]he immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond." 8 C.F.R. § 236.1(d)(1).

As Respondents contend, Petitioner already received an individualized bond hearing, as required under the federal regulations and § 1226(a). In his Petition, Petitioner sought his

4

immediate release, arguing the lack of an individualized assessment violated his constitutional rights. However, the federal regulations authorize bond hearings for noncitizens detained under § 1226(a), not automatic release from custody. *See* 8 C.F.R. § 236(d)(1). As Petitioner received an individualized bond hearing, the Court finds he has received the relief he was entitled to under § 1226(a).

### B. Whether Petitioner's Bond Hearing Violated his Due Process Rights

In his reply brief, Petitioner argues his bond hearing "lacked due process, and was further fundamentally unfair, because an individualized determination of [Petitioner's] interests never occurred. (Pet.'s Reply at 4.) Petitioner claims that the record reflects overwhelming evidence rebutting the IJ's finding that Petitioner is a flight risk. (*Id.* at 5.) Petitioner argues that Judge Rastegar summarily deemed Petitioner a flight risk based on the "following asserted grounds: (1) that he allegedly lacks a fixed address; (2) that he claims gainful employment but purportedly failed to prove it; (3) that he has no meaningful ties to the United States; and (4) that his Form I-589 asylum application is allegedly week and only recently filed." (*Id.* at 4.)

This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* (alteration in original).

The Court has reviewed the bond hearing transcript and finds the IJ did not "summarily" deem Petitioner a flight risk. As noted above, Petitioner appeared before an IJ on December 17, 2025. The IJ concluded that Petitioner was a flight risk and denied Petitioner bond. (Pet.'s Reply at 9–13.) Petitioner submitted documents to the immigration court, including letters from his supporters. (*See* Resps.' Ex. C.) The IJ reviewed the documents and Petitioner's counsel was able to address the IJ. (*See generally* Pet.'s Reply at 9–13.) The IJ particularly reviewed the letter from Petitioner's "sponsor," noting the sponsor was married to Petitioner's aunt and was willing to provide financial support to Petitioner and offer him housing. (*Id.* at 9.)

Petitioner claimed to be gainfully employed, however, his attorney acknowledged that Petitioner was unable to obtain a letter from the restaurant that Petitioner had been working at. (*Id.* at 11.) The IJ noted that Petitioner failed to provide any evidence of his employment, including pay stubs or tax returns. (*Id.* at 13.) The IJ asked if Petitioner had any evidence regarding a fixed address, and counsel acknowledged that the only evidence was the address listed on Petitioner's I-589 asylum application. (*Id.* at 11–12.) In finding Petitioner a flight risk, the IJ noted the lack of evidence of a fixed address. (*Id.* at 13.) The IJ also noted that the only relative listed by Petitioner lived in Massachusetts and Petitioner admitted that he had not lived in Massachusetts in the past four years. (*Id.* at 12.) Additionally, the IJ noted that Petitioner overstayed his visa by four years, waited until two days before the bond hearing to apply for asylum, and provided no explanation why he did not apply for asylum at any point in the past four years. (*Id.* at 13.)

Petitioner's arguments that the IJ "summarily" deemed Petitioner a flight risk is a challenge to the judge's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of

a bond order.") This Court does not express any opinion on whether the IJ came to the correct conclusion, but the record compels a finding that Petitioner received the individualized bond hearing as required under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1) that he was entitled to. Any challenge to the IJ's denial of bond must be presented to the Board of Immigration Appeals.

### IV.    CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED**: 1/14/2026

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge